IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

and

MICHAEL TABOR,
as Bankruptcy Trustee of KAYLA MARR
(formerly Wallace),

        Plaintiff-Intervenor,

    vs.                            Case No. 1:14-cv-2880-JDB-egb

JEFFREY H. WYGUL,

        Defendant.

## CONSENT DECREE

1. On November 10, 2014, the United States filed this action to enforce the provisions of Title VIII of the Civil Rights Act of 1968 (the "Fair Housing Act" or the "FHA"), as amended by the Fair Housing Amendments Act of 1988, 42 U.S.C. §§ 3601-3619. The United States brought this action on behalf of Kayla L. Marr (formerly, Wallace) and her two minor children, A.M. and L.M. pursuant to Section 812(o) of the Fair Housing Act, 42 U.S.C. § 3612(o).

2. On April 27, 2015, Kayla Marr, on behalf of herself and A.M. and L.M., moved to intervene in this action, and, on April 29, 2015, the Court granted the motion.[1]

3. On April 7, 2016, Ms. Marr moved to substitute bankruptcy estate trustee, Michael Tabor ("the Trustee or "Plaintiff-Intervenor"), as the Plaintiff-Intervenor in the case, and on August 2, 2016, the Court granted the motion.

---

[1] Recently, Ms. Marr resumed the use of her maiden name, Kayla Wallace. However, for purposes of consistency and simplicity, she is referred to in this Decree as Kayla Marr or Ms. Marr.

4. The United States and Plaintiff-Intervenor allege in this case that from late January 2011 through early May 2011, when Ms. Marr rented a single-family home at 1076 Atlantic Avenue, Henry, Tennessee (the "subject property") managed by Defendant Jeffrey H. Wygul (hereinafter, "Defendant Wygul" or "the Defendant") for herself and A.M. and L.M., Defendant Wygul, on multiple occasions, subjected Ms. Marr to discrimination on the basis of sex, specifically, severe, pervasive and unwelcome sexual harassment, including, but not limited to creating a hostile living environment on the basis of sex; offering tangible housing benefits in exchange for favors of a sexual nature; and serving her with a notice for the family to vacate the home in retaliation for her refusal to consent to the Defendant's sexual demands.

5. The United States and Plaintiff-Intervenor further allege that by the conduct described above, the Defendant has:

   a. Denied or made housing unavailable because of sex in violation of Section 804(a) of the Fair Housing Act, 42 U.S.C. § 3604(a);

   b. Discriminated in the terms, conditions, or privileges of the rental of a dwelling, or in the provision of services or facilities in connection therewith, because of sex, in violation of 42 U.S.C. § 3604(b);

   c. Made statements with respect to the rental of a dwelling that indicate a preference, a limitation, or discrimination based on sex, in violation of 42 U.S.C. § 3604(c); and

   d. Coerced, intimidated, threatened or interfered with persons in the exercise or enjoyment of, or on account of their having exercised or enjoyed, their rights under Section 804 of the Fair Housing Act, in violation of Section 818 of the Fair Housing Act, 42 U.S.C. § 3617.

6. The parties agree that the Court has jurisdiction over the subject matter of this case pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1345, and 42 U.S.C. § 3612(o).

7. Defendant Wygul does not admit wrongdoing. Rather, he, Plaintiff United States and Plaintiff-Intervenor have jointly consented to the entry of this Decree to avoid further litigation. Therefore, as indicated by the signatures appearing below, the United States, Plaintiff-Intervenor and the Defendant agree to the entry of this Consent Decree.

It is hereby ORDERED, ADJUDGED and DECREED:

## I. INJUNCTIVE RELIEF

**A. General Injunction**

8. The Defendant, his employees, agents, assigns, successors-in-interest, and all persons in active concert or participation with him are hereby enjoined from:

   a. Refusing to rent a dwelling unit, refusing or failing to provide or offer information about a dwelling unit, or otherwise making unavailable or denying a dwelling unit to any person because of sex;

   b. Discriminating against any person in the terms, conditions, or privileges of renting a dwelling, or in the provision of services or facilities in connection therewith, because of sex;

   c. Making, printing, publishing, or causing to be made, printed, or published any notice, statement, or advertisement with respect to the rental of a dwelling that states any preference, limitation, or discrimination based on sex; or

   d. Coercing, intimidating, threatening, or interfering with any person in the exercise or enjoyment of, or on account of her having exercised or enjoyed, or on account of her having aided and encouraged any other person in the exercise or enjoyment of, any right granted by the Fair Housing Act.

B.   **Specific Injunctive Relief**

9. As a condition of the entry of this Decree, the Defendant agrees to exit the residential rental business no later than January 20, 2017.

10. The Defendant shall provide to counsel for the United States and Plaintiff-Intervenor proof of his sale or transfer of any real property to a bona fide third-party purchaser in an arms length transaction within ten (10) days of the transaction.[2]

11. The Defendant is hereby enjoined from operating, managing, staffing, working in (whether paid or unpaid) the residential rental or maintenance business.

## IV.   REPORTING REQUIREMENT

12. The Defendant shall, within one year of the entry of this Decree, and every subsequent year for the duration of the Decree, certify to the United States and Plaintiff-Intervenor in writing that he is not, and has not been for the preceding twelve (12) months, in the residential rental business.

## V.   MONETARY DAMAGES FOR AGGRIEVED PERSONS

13. Within twenty (20) days of the entry of this Decree, the Defendant shall pay the sum of five thousand dollars ($5,000) as partial payment for damages, attorneys' fees and costs that relate to claims brought by the United States and Plaintiff-Intervenor. Payment shall be made in the form of a check made out to the Attorney-Client Escrow Account of West Tennessee Legal Services and delivered to counsel for Plaintiff-Intervenor, Katherine T. Trawick, West Tennessee Legal Services, 210 West Main Street, Jackson, Tennessee 38301, by overnight mail. West Tennessee Legal Services shall provide Defendant with its Taxpayer Identification Number prior to receiving payment from Defendant.

---

[2] For purposes of this Consent Decree, "arms-length transaction" is defined as a transaction that has been arrived at in the marketplace between independent, non-affiliated persons, unrelated by blood or marriage, with opposing economic interests regarding that transaction.

14. No later than January 20, 2017, the Defendant shall pay the remainder of ten thousand dollars ($10,000), for a total of fifteen thousand dollars ($15,000), in compensation for all damages, attorneys' fees, and costs related to claims brought by the United States and Plaintiff-Intervenor. Payment shall be made in the form of a second check made out to the Attorney-Client Escrow Account of West Tennessee Legal Services and delivered to counsel for Plaintiff-Intervenor, Katherine T. Trawick, West Tennessee Legal Services, at the address set forth in paragraph 13, above, by overnight mail.

15. Upon receipt of the final payment described in Paragraph 14, above, counsel for Plaintiff-Intervenor shall provide the Defendant with a release in the form of Appendix A signed by the Trustee and Kayla Marr.

16. If the Defendant fails to exit the residential rental business by January 20, 2017, as required by paragraph 9, above, or fails to make the full payment of $15,000 by January 20, 2017, as required by paragraph 14, above, he shall pay an additional $3,000. The additional $3,000 payment shall be made within one hundred eighty (180) days of the entry of the Decree, and shall be in the form of a check made out to the Attorney-Client Escrow Account of West Tennessee Legal Services and delivered to counsel for Plaintiff-Intervenor, Katherine T. Trawick, West Tennessee Legal Services, 210 West Main Street, Jackson, Tennessee 38301, by overnight mail.

17. The damages required to be paid pursuant to this Section is a debt within the meaning of 11 U.S.C. § 523(a)(6). Accordingly, the Defendant shall not seek to discharge any part of this debt in bankruptcy.

## V. DURATION, MODIFICATIONS, AND REMEDIES

18. This Consent Decree shall remain in effect for five (5) years after its date of entry. The United States and/or Plaintiff-Intervenor may move the Court to extend the period in which this Decree is in effect if the Defendant violates one or more terms of the Decree or if the interests of justice so require.

19. Any time limits for performance imposed by this Consent Decree may be extended by mutual written agreement of the parties.

20. The parties to this Consent Decree shall endeavor in good faith to resolve informally any differences regarding interpretation of and compliance with the Decree prior to bringing such matters to the Court for resolution. However, in the event the United States or Plaintiff-Intervenor contends that there has been a failure by the Defendant, whether willful or otherwise, to perform in a timely manner any act required by the Decree, or otherwise to act in conformance with any provision thereof, the United States may move this Court to impose any remedy authorized by law or equity, including, but not limited to, an order requiring performance of such act or deeming such act to have been performed, and an award of any damages, costs, and reasonable attorneys' fees which may have been occasioned by the violation or failure to perform.

## IX. MISCELLANEOUS

21. The parties agree that as of the effective date of this Decree, litigation is not "reasonably foreseeable" concerning the matters described in the United States' and Plaintiff-Intervenor's Complaints. To the extent that any of the parties previously implemented a litigation hold to preserve documents, electronically stored information, or things related to the matters described in the Complaints, such party or parties are no longer required to

maintain such a litigation hold. Nothing in this paragraph relieves any party of any other obligation imposed by this Consent Decree.

22. The underlying lawsuit by the United States that this Consent Decree resolves is an action or proceeding by the United States to enforce its police or regulatory power within the meaning of 11 U.S.C. § 362(b)(4).

23. The United States and Defendant will bear their own costs and attorneys' fees associated with this litigation.

IT IS SO ORDERED, this 15th day of December, 2016.

                                         **s/ J. DANIEL BREEN**
                                         J. DANIEL BREEN
                                         CHIEF UNITED STATES DISTRICT JUDGE

Respectfully submitted this 15th day of December, 2016.

For Plaintiff United States of America:

| | |
|---|---|
| EDWARD L. STANTON, III<br>United States Attorney | VANITA GUPTA<br>Principal Deputy Assistant Attorney General<br>Civil Rights Division |
| *s/David Brackstone*<br>DAVID BRACKSTONE<br>Assistant U.S. Attorney<br>Tennessee BPR No. 27989<br>Office of the United States Attorney<br>  for the Western District of Tennessee<br>167 N. Main Street, Suite 800<br>Memphis, TN  38103<br>Tel.: (513) 684-3711<br>Fax: (513) 684-6710<br>david.brackstone@usdoj.gov | *s/Nancy F. Langworthy*<br>SAMEENA SHINA MAJEED<br>Chief<br>MICHAEL S. MAURER<br>Deputy Chief<br>NANCY F. LANGWORTHY<br>Trial Attorney<br>D.C. Bar No. 377947<br>Housing and Civil Enforcement Section<br>Civil Rights Division<br>U.S. Department of Justice<br>950 Pennsylvania Avenue, N.W.<br>Northwestern Building, 7th Floor<br>Washington, DC  20530<br>Tel.: (202) 616-8925<br>Fax: (202) 514-1116<br>nancy.langworthy@usdoj.gov |

For Defendant Jeffrey H. Wygul:

*s/Matthew E. Wright* (*by NFL with consent*)
Matthew E. Wright
Wright Law, PLC
219 Third Avenue, N.
Franklin, TN  37064
Tel: (615) 812-1351
mwright@wrightlawplc.com

For Plaintiff-Intervenor

*s/Katherine T. Trawick* (*by NFL with consent*)
Katherine T. Trawick
West Tennessee Legal Services
210 W. Main Street
Jackson, Tennessee 38301
Tel: (731) 426-1306
Fax: (731) 423-2600
Kathy@wtls.org

# APPENDIX A

# RELEASE

In consideration for the parties' agreement to the terms of the Consent Decree entered in <u>United States, et al.</u> v. <u>Jeffrey H. Wygul</u>, Civil Action No. 1:14-cv-2880-JDB-egb (W.D. Tenn.), and Defendant Jeffrey H. Wygul's payment to me of $_____$, pursuant to the Consent Decree, I hereby release and forever discharge all claims related to the facts at issue in the litigation referenced above, or in any way related to that litigation, and any other claims arising from the housing discrimination alleged in that litigation up to and including the date of execution of this release, that I, the Trustee of the Bankruptcy Estate of Kayla Wallace (formerly, Marr), and Kayla Wallace and her two minor children, A.M. and L.M., may have against Defendant Jeffrey H. Wygul, his employees, agents, assigns, executors and administrators, and successors and their heirs.

Executed this _____ day of _____, 20\_\_\_.


_____
**Signature**


_____
**Print Name**


_____
**Signature**


_____
**Print Name**